MOON, District Judge,
concurring in part and dissenting in part:
I concur with the majority regarding the administrative cost finding. Because the district court may have erred as a matter of law, I agree that we should remand as to that element of loss. However, I find no clear error in the loss findings with regard to either the higher spot fuel purchases or the higher contract prices. Accordingly, I would affirm the district court as to those findings.
*272 The majority holds that the district court failed to sufficiently explain its zero-loss finding. However, the sentencing judge concluded that the government had not met its burden of proof to establish loss. (J.A. 658). The sentencing judge observed that, although he found both the government expert and defense expert to be “credible,” he nevertheless found the defense expert more “compelling,” stating that:
I find one of [the defendant’s expert’s] primary opinions to be particularly compelling. And that was a statement that he made to the effect that the defendant’s calculations are probably about as accurate as one could hope for in situations like this.”
(J.A. 658) (emphasis added). Moreover, the sentencing judge stated that his “assessment of [the government’s] claimed losses is that they are simply not sufficiently supported by the facts to persuade me that they constitute losses that more likely than not were caused by this defendant’s conduct.” (J.A. 659).
The record discloses that the district court sufficiently justified its factual finding of zero loss to DESC as to the higher spot fuel prices and higher contract prices. That the sentencing court did not describe in greater detail the rationale underlying its factual finding is not sufficient grounds for remand, and is outside the scope of the particularity requirements announced in Carter. In my view, Carter requires a sentencing court to state with particularity the reasons supporting a chosen sentence.* It does not address, however, the degree of specificity required when making a finding of fact upon which a sentence is to be predicated.

 See Carter at 328 (“When rendering a sentence, the district court 'must make an individualized assessment based on the facts presented.' ” (quoting Gall v. United States at 39 [128 S.Ct. 586]) (first emphasis added)); see also id. (when stating its reason for imposing a sentence, a sentencing court need only " 'set forth enough to satisfy the appellate court that he has considered the parties’ arguments and has a reasoned basis for exercising his own legal decisionmaking authority.' ” (quoting Rita v. United States, 551 U.S. 338, 339, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007))).